UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIJAH LEE MILLER,<br><br>        Plaintiff,<br><br>    v.<br><br>S. ALAMEDA, *et al.*,<br><br>        Defendants. | Case No. 2:21-cv-00653-JDP (PC)<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS<br><br>ECF No. 2<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>    (1) FILE AN AMENDED COMPLAINT; OR<br><br>    (2) NOTIFY THE COURT THAT HE WISHES TO STAND BY HIS COMPLAINT, SUBJECT TO DISMISSAL OF CLAIMS AND DEFENDANTS<br><br>ECF No. 1<br><br>SIXTY-DAY DEADLINE |

    Plaintiff Elijah Lee Miller is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. He brings two claims: first, that he has not been provided a prescribed dietary supplement, ECF No. 1 at 3, and second, that he was falsely accused of criminal acts, *id.* at 4. He names three members of the medical staff at the California Medical Facility—S. Alameda, S. Gates, and Halie Bethlehem—as defendants. *Id.* at 2. He has also named the California Medical Facility itself as a defendant. *Id.* The complaint does not allege how any of these defendants are responsible for violations of plaintiff's rights. I therefore find

1

that the complaint does not state a cognizable claim. I will give plaintiff leave to amend.

Plaintiff has also filed an application to proceed *in forma pauperis* that makes the proper showing. ECF No. 2. I will grant it.

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff's claims are unrelated. First, he claims that a physician prescribed him the

dietary supplement "Ensure" due to his low weight and that this supplement was withheld. ECF No. 1 at 3. Second, he claims that he was falsely accused of sexual assault and battery. *Id.* at 4. Plaintiff does not contextualize the second claim, and I cannot tell whether this allegation challenges a state court conviction. If it does, federal relief is available only via a habeas petition. In any event, plaintiff may not bring unrelated claims against more than one defendant. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("[M]ultiple claims against a single party are fine, but . . . [u]nrelated claims against different defendants belong in different suits . . . ."). Additionally, plaintiff is advised that his complaint must put each named defendant on notice of the claims against them. *See McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). None of the defendants are mentioned in the body of this complaint, falling short of this requirement.

I will give plaintiff leave to amend his complaint before recommending dismissal of this action. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current one. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint must be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint will no longer serve any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is granted.

2. Within sixty days from the service of this order, plaintiff must either file an Amended Complaint or advise the court he wishes stand by his current complaint.

3. Failure to comply with this order may result in the dismissal of this action.

4. The clerk's office is directed to send plaintiff a complaint form.

3

IT IS SO ORDERED.

Dated:     April 26, 2021                                    /s/ Jeremy Peterson
                                                            JEREMY D. PETERSON
                                                            UNITED STATES MAGISTRATE JUDGE