UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIJAH LEE MILLER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>S. ALAMEDA, *et al.*,<br><br>　　　　　Defendants. | Case No.  2:21-cv-00653-JDP (PC)<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>(1) FILE AN AMENDED COMPLAINT; OR<br><br>(2) NOTIFY THE COURT THAT HE WISHES TO STAND BY HIS COMPLAINT, SUBJECT TO DISMISSAL OF THIS ACTION<br><br>ECF No. 11<br><br>SIXTY-DAY DEADLINE |

　　　Plaintiff's second amended complaint, like its predecessor, does not survive screening. It raises multiple, unrelated claims against more than one defendant and is so difficult to understand that it fails to give defendants notice of the claims against them. I will give plaintiff one more chance to amend his complaint before recommending that it be dismissed.

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff brings at least three separate claims. First, he alleges that defendants Alameda, Gates, and Bethlehem violated his Eighth Amendment rights by withholding a dietary supplement from him without justification. ECF No. 12 at 2. Second, he alleges that defendant Bethlehem violated his Eighth Amendment rights by failing to treat pain in his chest, arms, and legs and

falsifying his medical records. *Id.* at 3. Third, plaintiff challenges his sentence by arguing that he's been falsely accused of rape. *Id.* at 5-6. This third claim cannot proceed in a section 1983 action; any challenge to the validity of a conviction must proceed by way of a habeas corpus petition. With respect to the first two claims, plaintiff is advised that, unless they are factually related, they cannot proceed in a single action with multiple defendants. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

More broadly, plaintiff's second amended complaint is poorly organized and difficult to read. There are few paragraph breaks, no organizational division of claims or defendants, and claims are presented with little or no factual context. A defendant, if served with this complaint, could not reasonably be expected to understand the claims against him or her. If plaintiff files a third amended complaint, he should take pains to ensure that it is organized and legible.

I will give one more opportunity to amend his complaint before recommending dismissal of this action. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Third Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is ORDERED that:

1. Within sixty days from the service of this order, plaintiff must either file an Amended Complaint or advise the court he wishes stand by his current complaint.

2. Failure to comply with this order may result in the dismissal of this action.

3. The clerk's office is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:   June 16, 2021                          _____
                                                JEREMY D. PETERSON
                                                UNITED STATES MAGISTRATE JUDGE

4