UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| ELIJAH LEE MILLER, | Case No. 2:21-cv-00653-JDP (PC) |
|---|---|
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME AS MOOT AND DIRECTING THAT THE CLERK OF COURT ASSIGN A DISTRICT JUDGE TO THIS ACTION |
| v. | |
| S. ALAMEDA, *et al.*, | |
| Defendants. | ECF No. 19 |
| | FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S THIRD AMENDED COMPLAINT BE DISMISSED WITHOUT LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM |
| | ECF No. 17 |
| | FOURTEEN-DAY DEADLINE |

Plaintiff, a state prisoner proceeding without counsel, has now filed his third amended complaint in this action. ECF No. 17. Like its predecessors, the latest complaint is difficult to read, contains multiple, unrelated claims, and fails to state a cognizable claim against any named defendant. I recommend that it be dismissed without leave to amend.

**Screening Order**

**I.     Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable

1

1   claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a
2   claim upon which relief may be granted, or seeks monetary relief from a defendant who is
3   immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).
4        A complaint must contain a short and plain statement that plaintiff is entitled to relief,
5   Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
6   face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not
7   require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.
8   662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere
9   possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not
10  identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
11  1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that
12  give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
13  n.2 (9th Cir. 2006) (en banc) (citations omitted).
14       The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404
15  U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it
16  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
17  would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
18  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
19  of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
20  1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

21  **II.   Analysis**

22       Plaintiff raises three separate claims.  First, he alleges that the named defendants have
23  provided inadequate medical care by withholding nutritional supplements.  ECF No. 17 at 3.
24  Second, he alleges that in October of 2020, he was not properly treated for pain in his chest, arms,
25  and legs.  *Id.* at 4.  Third, he alleges that in July or August of 2021, he was falsely imprisoned
26  while he was out of prison and staying at an independent living facility.  *Id.* at 5.  These claims
27  bear no factual or legal relation to each other.  Moreover, none of the claims adequately alleges
28  how any named defendant was responsible for the claimed violation of plaintiff's rights.  For

instance, with respect to his claim about supplements, plaintiff alleges only that "defendant Alameda and all defendants involved . . . refused to give me my dietary supplements . . . ." *Id.* at 3.  He neither alleges what involvement or responsibility any defendant had for his care, nor that any defendant understood his need for supplements.  As such, his allegations do not state a claim for deliberate indifference.  *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) ("[An] inadvertent [or negligent] failure to provide adequate medical care alone does not state a claim under § 1983.") (internal quotation marks omitted).

      I find that further leave to amend is unwarranted.  Plaintiff has had multiple opportunities to state a viable claim and has failed to do so.

      Accordingly, it is ORDERED that:

      1.    Plaintiff's motion for extension of time, ECF No. 19, is denied as moot.[1]

      2.    The Clerk of Court is directed to assign a district judge to this action.

      Further, I RECOMMEND that plaintiff's third amended complaint, ECF No. 17, be dismissed with prejudice and without leave to amend for failure to state a claim.

      These recommendations will be submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304.  Within fourteen days of the service of these findings and recommendations, the parties may file written objections with the court and serve a copy on all parties.  That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:    December 13, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

---

[1] I have reviewed the motion for extension of time and nothing therein affects my analysis of plaintiff's third amended complaint.